## TURLEY *v.* TAYLOR.

CHANCERY PRACTICE. *Annulling judgment at law. Surprise.* The rule governing a court of chancery in annulling a judgment at law on the ground of surprise in the introduction of testimony, is more stringent than in cases where a new trial is demanded there for the same cause.

Cases cited: Morrow *v.* Hatfield, 6 Hum., 108; Sharp *v.* Treece, 1 Heis., 447.

### FROM CARTER.

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

J. MACKENBIEN and J. THOMAS JONES for complainant.

THOS. DONALDSON for defendant.

FREEMAN, J., delivered the opinion of the court.

We have examined the petition for rehearing presented by counsel. We need not reply to it at

length, but only notice a few propositions, as it presents nothing, as we think, additional to the argument in the original cause.

It is assumed in the argument that the court erred in not granting relief on the ground of surprise of Taylor, by "Turley's swearing positively to the statement that Carter county was in the Federal lines when the note sued on fell due." If this had been true, and he had so sworn, it is doubtful whether it would have been a case of surprise in the sense in which a court of equity regards that term, as the basis of setting aside or enjoining the judgments of a court of competent jurisdiction, nothing else appearing. But be this as it may, the fact is, that Turley did not swear to any such statement positively, but only stated the fact to be so, according to his knowledge, derived from the history of the country, and from communicating with persons residing in that section, and, in the language of the record, not at all from any personal knowledge of his own. It was only from hearsay, and his opinions based on it.

This ground utterly fails for want of fact on which to rest it.

It is proper to add that the defendant was prepared with a witness, to suit himself, who swore the contrary in terms about as emphatic, deriving his knowledge from the history of the country, as Turley had.

On the question of what surprise is sufficient grounds for a new trial, the counsel cite the case of *Morrow* v. *Hatfield*, 6 Hum., 108. We need but say, that

Turley *v.* Taylor.

the case does not even bear remotely on the question involved in this. That was an action of detinue, in which, on appeal to this court, the court held that the Circuit Court should have granted a new trial, on the ground of the unexpected introduction of certain depositions. But the rule in such cases, and the one in granting a new trial in a court of chancery, after a trial at law, are so different that cases on the one question can furnish no guide whatever for action in the other. The case of *Sharp* v. *Treece,* 1 Heis., 447, is a similar case of trial at law and appeal to this court.

The cases cited from Graham and Waterman on new trials are all of a similar character, settling the rule as to new trials at law, either before the inferior court or on appeal to revising courts, cases as we have said, having no bearing whatever on the question of a collateral attack on a judgment, by bill filed to impeach the same for fraud or surprise.

We need but recur to the surprise on which courts of equity act, as given by Mr. Story, cited in the former opinion, as containing the principle on which the decree we have heretofore ordered stands. The surprise here intended, he says, must be accompanied with fraud and circumvention, or at least by such circumstances as demonstrate that the party had no opportunity to use suitable deliberation, or that there was some influence or management to mislead him.

We see nothing in the argument presented demanding further notice on the main question.

As to the terms of sale: They are in accordance

with the contract of the parties, and we see nothing in this case to induce us to change them. The debt has been due since 1865, and has been litigated for a number of years, and we can do no wrong to execute the contract of the parties on its own terms. Under these circumstances we feel no hesitancy in affirming the opinion heretofore delivered.